IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JARVIS MCKEE**,

        Petitioner,

v.                                                      Civil Action No. 1:09cv57
                                                              (Judge Keeley)

**KUMA J. DEBOO, Warden**,

        Respondent.

## OPINION/REPORT AND RECOMMENDATION

The *pro se* petitioner initiated this case on May 5, 2009, by filing an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (dckt. 1). The petitioner is currently serving a 78-month federal sentence imposed in the United States District Court for the Western District of Wisconsin. In the petition, the petitioner challenges the computation of his sentence by the Bureau of Prisons ("BOP"). This case is before the undersigned for a Report and Recommendation on the respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (dckt. 7).

### I. Procedural History

The undisputed facts establish that petitioner was arrested by the State of Wisconsin on April 18, 2006. On July 12, 2006, he was indicted in the United States District Court for the Western District of Wisconsin for, *inter alia*, Possession with Intent to Distribute 5 Grams or More of a Mixture or Substance Containing Cocaine Base.

On July 27, 2006, the petitioner was borrowed from the State pursuant to a writ of habeas corpus ad prosequendum to answer his federal charges. He was returned to state custody that same day.

On October 18, 2006, the petitioner was again borrowed from the state pursuant to a writ for the purpose of entering his plea of guilty. He was returned to state custody that same day.

On December 21, 2006, the petitioner was again borrowed from the state pursuant to a writ, this time for the purposes of sentencing. The petitioner was sentenced to a 105-month federal term and returned to state authorities that same day.

On January 8, 2007, the petitioner was sentenced in state court to a 12-month term of imprisonment, to be served first, and run consecutive to his federal sentence. The state of Wisconsin commenced the petitioner's state sentence as of September 30, 2006. The petitioner completed his state sentence and was released to federal custody on September 24, 2007.

Pursuant to the United States Sentencing Commission's Retroactive Crack Cocaine Amendments, effective November 1, 2007, the petitioner's federal sentence was reduced to 78 months on June 5, 2008.

After a review of the petitioner's sentence computation as a result of this litigation, the BOP discovered that the Wisconsin Department of Corrections did not credit the petitioner's state sentence with the time served between April 18, 2006, the date of his arrest, through September 29, 2006, the day prior to the commencement of his state sentence. Thus, the petitioner's federal sentence was recalculated on June 10, 2009, and now reflects 165 days of prior custody credit.

## II. Contentions of the Parties[1]

**A. The Petition**

In the petition, the petitioner asserts that the BOP has denied him credit for time served and

---

[1] Despite the fact that the Court issued a Roseboro Notice on July 7, 2009 (dckt. 9), advising the petitioner of his right to respond to the respondent's dispositive motion, no response was filed.

that his sentence computation is therefore incorrect. Specifically, the petitioner seeks credit on his federal sentence for time served between July 12, 2006, the date of his federal indictment, and January 12, 2007, the date his state sentence was imposed.

**B.    The Respondent's Motion**

In response to the petition, the respondent asserts that the petitioner should be dismissed, or judgment granted as a matter of law, for the following reasons:

(1) the petitioner failed to exhaust his administrative remedies; and

(2) the petitioner's sentence has been properly calculated.

### III.    Analysis

**A.    Exhaustion of Administrative Remedies**

To the extent that exhaustion has been applied to habeas corpus, such a requirement is not mandated by statute. Instead, exhaustion prerequisites in habeas corpus actions arising under § 2241 are merely judicially imposed. Because the exhaustion requirement is only judicially imposed in habeas proceedings, it follows that a court has the discretion to waive that requirement in certain circumstances. See LaRue v. Adams, 2006 WL 1674487 *8 (S.D.W.Va. June 12, 2006) (recognizing that several circuit and district courts have found that the exhaustion requirements may be waived under § 2241 and noting that although the Fourth Circuit has not directly addressed this issue, it has shown a willingness to adopt a futility exception to the general exhaustion requirement in habeas corpus actions).

Here, it is not disputed that the petitioner failed to exhaust his administrative remedies prior to filing suit in this Court. Notwithstanding that this case has been served, a response has been filed and the matter is ripe for review, it must be dismissed for the failure to exhaust. The undersigned

finds no futility in requiring a petitioner to exhaust notwithstanding that his complaint has no basis in fact and thus no merit on the substantive claim made.

**B.   Calculation of the Petitioner's Federal Sentence**

Notwithstanding Petitioner's failure to exhaust, his claims that the BOP did not properly credit his federal sentence with pre-custody time served is without merit.

It is well established that the BOP is charged with the responsibility of sentence computation and other administrative matters regarding the length of a prisoner's confinement. See United States v. Wilson, 503 U.S. 329, 112 S.Ct. 1351 (1992) ( the Attorney General, through the BOP, has the responsibility for administering federal sentences); United States v. Lucas, 898 F.2d 1554 (11th Cir. 1990) (the power to grant jail time credit lies exclusively with the Attorney General).   In this case, the petitioner argues that the BOP has failed to award him the appropriate amount of pre-sentence custody credit.  Because the petitioner's federal sentence was imposed after November 1, 1987, prior custody credit is governed by 18 U.S.C. § 3585.

A defendant can receive prior custody credit under § 3585(b) if:

> (1) he was in official detention because of the offense for which the sentence was imposed; or
>
> (2) he was in official detention as a result of another charge for which he was arrested after the commission of the current offense, if that time has not been credited against another sentence.

In this instance, the petitioner was taken into federal custody pursuant to a Writ of Habeas Corpus Ad Prosequendum.  Therefore, the petitioner was "borrowed" from the state of Wisconsin only for the purposes of making a plea and for sentencing.  United States v. Evans, 159 F.3d 908, 911 (4th Cir. 1998); see also Causey v. Civiletti, 621 F.2d 691 (5th Cir. 1980).  The State of Wisconsin retained primary jurisdiction over the petitioner during this time and credited his state

4

sentence from September 30, 2006, until his release from state custody. Thus, that time cannot now be credited to the petitioner's federal sentence; to do so would be an unauthorized award of double credit. Moreover, upon a review of the petitioner's file after this litigation commenced, the BOP discovered that the petitioner had not received credit on his state sentence for the time period between April 18, 2006, through September 29, 2006. Accordingly, the petitioner's federal sentence was recalculated on June 10, 2009, to reflect credit on his federal sentence for that time. Consequently, the petitioner's federal sentence has been properly computed and the petitioner is not entitled to relief under § 2241.

## IV. Recommendation

For the foregoing reasons, it is recommended that the respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (dckt. 7) be **GRANTED** and that the petitioner's § 2241 habeas petition (dckt. 1) be **DENIED** and **DISMISSED with prejudice** from the active docket of this Court.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable John Preston Bailey, United States District Judge for the Northern District of West Virginia. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: September 10, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE